FILED

FEB 13 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Cherron Marie Phillips
FCI Waseca #45209-424
P.O. Box 1731
Waseca MN 56093

UNITED STATES DISTRICT COURT NORTHERN DISTRICT ILLINOIS

Cherron Marie Phillips
    Petitioner

v

UNITED STATES OF AMERICA
    Respondents

Case No. 12 cr 872

**1:17-cv-1338
Judge Michael J. Reagan
Magistrate Judge Young B. Kim
[12-cr-872-1]**

Petition

Petitioner, Cherron Marie Phillips, hereinafter Phillips approach the with a duly affirmed petition to vacate the sentence imposed by this court based on the fact that the indictment fails to charge and offense against the United States. Collateral relief is available under 28 USC §2255 if any legal error is jurisdictional, constitutional, or is a fundamental defect which results in a miscarriage of justice. Hill v United States 368 US 424 (1962).

Factual Background

By reason of vagueness and uncertainty, a statute of the United States Code, Title 18 USC §1521 is repugnant to the due process clause of the Fifth Amendment. It states as follows: "Whoever files, attempts to file, or conspires to file, in any public record or in any private record which is generally available to the public, any false lien or encumbrance against the real or personal property of an individual described in Section 1114 [18 USC §1114] on account of the performance of official duties by that individual, knowing or having reason to know that such lien or encumbrance is false or contains any materially false, ficticious, or fraudulent statement or representation, shall be fined under this title or imprisoned for not more than 10 years or both.

On November 9, 2012, Phillips was accused of violating the quoted clause by the UNITED STATES DISTRICT COURT Northern District of Illinois. The indictment followed the language of the statute, as stated in its generic terms.

1

In an indictment upon a statute, it is not sufficient to set forth the offense in the words of the statute unless those words of themselves fully, directly and expressly, without any uncertainty or ambiguity set forth all the elements necessary to constitute the offense intended to be punished. United States v Carll 105 US 611, 612 (1882).

On the authority of the recent decision in the UNITED STATES DISTRICT COURT Eighth Circuit case, United States v Reed 668 F.3d 978 (2012), Phillips was charged by this statute. This case was the first appeal of a conviction under Title 18 USC §1521. There is no allegation in the indictment alleging any intent to retaliate against any person or legal entity known to the law, but merely a blanket charge of general and unidentified intent to retaliate against some person or legal entity who is no way mentioned. The failure to specify some person or legal entity as the object of retaliation amounts to a violation of Phillips's right to due process of law as guaranteed by the Fifth Amendment. This omission is violative of that portion of the Sixth Amendment to the United States Constitution which provides the accused shall have the right to be informed of the nature of the accusation made against him.

If on its face the challenged provisions is repugnant to the due process clause, specification details of the offense intended to be charged would not serve to validate it. United States v Reese 92 US 214, 221 (1876); Czarra v Medical Supers 25 App D.C. 443, 453. An indictment not framed to apprise the defendant "with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute. United States v Simmons 96 US 360, 362 (1878).

Argument

Federal Rules of Criminal Procedure Rule 7(c) requires that an indictment contain "plain concise and definitive written statement of the essential facts constituting the offense charged". FRCrP 7(c). "[A]n indictment is sufficient

if it first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend" and second, "enables him to assert double jeopardy in defense of future prosecution for the same conduct." Hamling v United States 418 US 87, 117 (1947). To accomplish this, "the indictment must allege" not only "the elements of the offense charged," but also "the fact which informs the defendant of the specific offenses with which he is charged." United States v Lane 765 F.2d 1378, 1380 (9th Cir. 1985)(failure to allege elements of offense "renders the indictment constitutionally defective".)

The applicable rule as stated in Connally v General Constr. Co. 269 US 385, 391 (1926): "That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement consonant alike with ordinary notions offair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process, law."

I.

On the face of the statute, it might appear that the mens rea element of the offense could be either subjective or objective. That a defendant could be convicted upon "knowing" (subjective) or upon a reasonable person should have known "having reason to know" (objective) that such lien or encumbrance is false or contains materially false, ficticious, or fraudulent statements. It is ambiguous. There immediately raised the doubt whether actual or putative knowledge is meant. If actual knowledge is required, that status must be established as a fact. If reputed knowledge is enough, there is uncertainty as to what has been perceived, discovered or learned to infer "having reason to know".

3

This court has interpreted the "having reason to know" as "akin to actual knowledge". United States v Saffo, 227 F.3d 1260, 1269 (10th Cir. 2000) In order to convict in this case, the prosecution had to offer evidence sufficient to allow the jury to infer that Phillips had actual knowledge, or something close to it that the notice of claim of lien was false.

The government offered no direct evidence regarding Phillips subjective state of knowledge as to the falsity of the liens. The indictment never stated that Phillips knew or had reason to know her notice of liens were false as stated in the statute §1521. Phillips was convicted by the jury under instructions which required them to be satisfied of the facts alleged and that the, then defendant, at the time of the filings, knew such claims to be false or fraudulent. This indictment, by omitting the allegation, contained in the indictment, that the defendant "knowing or having reason to know" the filing were false, fails to charge her with a crime.

A prior ruling in the Seventh Circuit held a lien claimant is entitled to give notice of his lien or claim by recording the same. It was stated that "a lien claimant is entitled to give notice of his lien or claim by recording the same but the validity, existence and enforceability of such lien can only be adjudicated by courts of law for the determination and foreclosure thereof on the real estate. Benefit of notice of lien is lost unless suit is filed within one year." Torrington Co. v Sidway-Topliff Co. 70 F.2d 949 (7th Cir 1934)

Even if the statute charged in the indictment was constitutionally valid, Phillips was criminally prosecuted before any determination of validity, existence and enforceability could be determined in a court of law of proper jurisdiction. Her filing a notice of claim of lien was clearly an established right prior to the enforcement of this statute. "Criminal statutes which fail to give due notice that an act has been made criminal before its done are unconstitutional deprivations of due process of law". Lanzetta v State of New

4

Jersey 306 US 451 (1939).

The statute does not define the terms "real or personal property" as used in the statute. Nor does chapter 73 of the Title 18, where §1521 is located, include a definition section for these terms. Similarly there is no guiding preamble, recital or purpose clause. The statute's title and heading simply signals that the statute punishes retaliation against federal employees.

The statute focuses on the filing of false liens or encumbrances against the real or personal property of federal officials but not all false liens or encumbrances that might harass government agencies or officials. The statute does not attempt to distinguish or identify which false liens or encumbrances it will penalize. This too is ambiguous. The description and illustrations used by the court to indicate the "types of filings that harass" are not sufficient to constitute definitions inclusive or exclusive.

Phillips did not waive the constitutional defects of the penal statute in the indictment. The record of the case will show on July 25, 2013, Phillips filed a motion to dismiss the indictment stating the charges were unconstitutional. FRCrP 12(b)(3)(B) allows a motion to object to the indictment prior to trial where the motion can be determined without a trial. The record of this case does not reflect the courts ruling on this motion.

On June 5, 2014, Phillips filed an interlocutory appeal #14-2264 to vindicate her right not to be tried on the matter. The Supreme Court recognized an exception to the finality requirement which allowed appeals from decisions that fall into that small class which finally determines claims of right separable from, and collateral to rights asserted in the action, too important to be denied review and too independant of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. Cohen v Beneficial Indust. Loan Corp. 337 US 541, 546 (1949).

On June 18, 2014, Phillips was convicted in violation of 18 USC §1521.

Phillips was twiced prejudiced by the court when the judge made light of the interlocutory appeal as grounds to detained and referred to her as a "paper terrorist" for filing the interlocutory appeal. The transcripts from this hearing will show the court ruled Phillips to be a danger to the community without any evidence to support that allegation and to hinder her efforts to pursue the pending appeal. This decision did not meet the criteria for release under FRAP Rule 9(c) and release on bail under 18 USC §3143(a).

II.

Phillips maintains that the charge in this case is unconstitutional. Federal courts may have the power to create federal common law applicable to a substantive federal interest, however the United States Constitution prescribes what the jurisdiction of the federal government is by the enumerated powers at Article 1 §8 ¶18. This is about the extent of the jurisdiction of the United States government. It is only in these areas that a "crime (or offense) against the United States" can exist, and this is so only when Congress actually passes a law in one of these areas.

In Erie R. Co. v Tompkins 304 US 64 (1937), it was decided in civil matters where general common law rights of an individual are concerned, the federal courts are to apply the common law of the state in which the controversy originated. For example in United States v Fox 94 US 315, 320 (1877), the Supreme Court held that state law governed the bequest of real estate to the United States because the "disposition of immovable property, whether by deed, descent or any othermode, is exclusively subject to the government within whose jurisdiction the property is situated".

In this case, the governments witness offered testimony that a parcel of real estate (parking garage space) contained a notice of lien filed by Phillips. The filing of the notice of lien on real estate for personal use, is not an enumerated power identified as a "crime (or offense)" under Article I§8, ¶18.

6

Section 1521 speaks to the federal common law as it makes the filing of claims against the real and personal property of federal officers a federal crime.

III.

The lack of certainty the challenged provision is not limited to "any false lien or encumbrance against the real or personal property of federal officials." Consistent with the text of the statute, the challenged mens rea incorporates both subjective and objective considerations. [The defendant] "knowing or having reason to know that such lien or encumbrance is false or contains any materially false, ficticious or fraudulent statement", is ambiguous. If actual knowledge or having reason to know is required, each status must be established as a fact. The court in the Seventh Circuit has already established that the validity, existence and enforceability of such lien can only be adjudicate by a court of law.

The statute fails to indicate which false public filings that might harass versus those that are subject to enforcement. By Article 1, §8, ¶18 of the United States Constitution and the Supreme Court decision in United States v. Fox 94 US 315, 320 (1877), federal common law of real property does not exist, where an interstate boundary is not in dispute.

Where an indictment charges no crime, the court lacks jurisdiction to try the accused, and a motion to quash the indictment or charge is always timely. 22 Corpus Juris Secundum, "Criminal Law" §157, p 188; citing People v McCarty 445 N.E. 2d 298; 94 Ill. 2d 28.

WHEREFORE, Phillips moves this court for an order reversing the conviction as unsupported by sufficient evidence to criminally charge in the indictment and an order for immediately release on personal recognizance pending the motion on appeal.

Verification

I Cherron Marie Phillips declare under penalty of perjury under the laws of the United States of America that I have first hand knowledge hereto and to the best of my knowledge and belief all matters are true and correct. Executed this February 8, 2017.

By: *Cherron Marie Phillips*
Cherron Marie Phillips
All Rights Reserved

Acknowlegement

On this date in Waseca County Minnesota, Cherron Marie Phillips who is known and identified to me, appeared and executed the foregoing of her own free will duly affirmed under penalty of perjury. Done this 8th day of February 2017.

FCI Waseca Staff

_____, CASE MANAGER
AUTHORIZED BY THE ACT OF JULY 27, 1955
TO ADMINISTER OATHS (18 USC 4004)

Certificate of Service

This is to certify under penalty of perjury under the laws of the United States of America, that I have served a true and correct copy of the foregoing Petition upon the following addresses by placing the same in a sealed envelope, bearing sufficient postage for delivery via United States Postal Service by deposit in the Postal Box provided at FCI Waseca on February 8, 2017 to:

UNITED STATES DISTRICT COURT
219 S. Dearborn 20th Floor
Attn: Clerk of Court
Chicago Illinois 60604

Nathan D. Stump AUSA
9 Executive Drive
Fairview Heights, IL 62208

By:
Cherron Marie Phillips

8