FILED N4

Cherron Marie Phillips
FCI Waseca #45209-424
P.O. Box 1731
Waseca MN 56093

MAR 03 2017 BW

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT NORTHERN DISTRICT ILLINOIS

Cherron Marie Phillips
    Petitioner

v.

UNITED STATES OF AMERICA
    Respondents

Case No. 17 cv 1169
re: 12 cr 872

**1:17-cv-01338**

Amended Petition

Under FRCivP. Rule 15(a), a party may amend its pleading once as a matter
of course within 21 days after service. Petitioner, Cherron Marie Phillips,
hereinafter Phillips approach this court with a duly affirmed amended petition
to vacate the sentence imposed by this court based on the fact that the
indictment fails to charge an offense against the United States. Collateral
relief is available under 28 USC §2255 if any legal error is jurisdictional,
constitutional, or is a fundamental defect which results in a miscarriage of
justice. Hill v United States 368 US 424 (1962).

Factual Background

By reason of vagueness and uncertainty, a statute of the United States
Code, Title 18 USC §1521 is repugnant to the due process clause of the Fifth
Amendment. It states as follows: "Whoever files, attempts to file, or conspires
to file, in any public record or in any private record which is generally
available to the public, any false lien or encumbrance against the real or
personal property of an individual described in Section 1114 [18 USC §1114] on
account of the performance of official duties by that individual, knowing or
having reason to know that such lien or encumbrance is false or contains any
materially false, ficticious or fraudulent statement or representation, shall
be fined under this title or imprisoned for not more than 10 years or both.

On November 9, 2012, Phillips was accused of violating the quoted clause

by the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS. The indictment followed the language of the statute as stated in its generic terms. There were no facts stated other than the words of the statute itself. In an indictment upon a statute, it is not sufficient to set forth the offense in the words of the statute unless these words of themselves fully, directly and expressly, without any uncertainty or ambiguity set forth all the elements necessary to constitute the offense intended to be punished. United States v Carll 105 US 611, 612 (1882).

On the authority of the recent decision in the UNITED STATES DISTRICT COURT Eighth Circuit case, United States v. Reed 668 F.3d 978 (2012), Phillips was charged by this statute. This case was the first appeal of a conviction under Title 18 USC §1521. There is no allegation in the indictment alleging any intent to retaliate against any person or legal entity known to the law, but merely a blanket charge of general and unidentified intent to retaliate against some person or legal entity who is no way mentioned. The failure to specify some person or legal entity as the object of retaliation amounts to a violation of Phillips's right to due process of law as guaranteed by the Fifth Amendment. This omission is violative of that portion of the Sixth Amendment to the United States Constitution which provides the accused shall have the right to be informed of the nature of the accusation made against him. An indictment not framed to apprise the defendant "with reasonable certainty, of the nature of the accusation against him" is defective, although it may follow the language of the statute. United States v Simmons 96 US 360, 362 (1878).

Argument

Federal Rules of Criminal Procedure Rule &(c) requires that an indictment contain "plain concise and definitive written statement of the essential facts constituting the offense charged." FRCrP 7(c). "[A]n indictment is sufficient if it first, contains the elements of the offense charged and fairly informs a

defendant of the charge against which he must defend" and second, "enables him to assert double jeopardy in defense of future prosecution for the same conduct." Hamling v United States 418 US 87, 117 (1947). To accomplish this, "the indictment must allege" not only "the elements of the offense charged," but also "the fact which informs the defendant of the specific offenses with which he is charged." United States v Lane 765 F.2d 1378, 1380 (9th Cir 1985)(failure to allege elements of offense "renders the indictment constitutionally defective")

The applicable rule as stated in Connally v General Const. Co. 269 US 385, 381 (1926): "that the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement consonant alike with ordinary notions of fair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process law."

I.

On the face of the statute, it might appear that the mens rea element of the offense could either be subjective or objective. That a defendant could be convicted upon"knowing" (subjective) or upon a reasonable person should have known "having reason to know" (objective) that such lien or encumbrance is false or contains materially false, ficticious, or fraudulent statements. It is ambiguous. There immediately raises the doubt whether actual or putative knowledge is meant. If actual knowledge is required, that status must be established as a fact, if reputed knowledge is enough, there is uncertainty as to what has been percieved, discovered or learned to infer "having reason to know".

This court has interpreted the "having reason to know" as "akin to actual knowledge". United States v Saffo 227 F.3d 1260, 1269, (10th Cir 2000). In order

to convict in this case, the prosecution had to offer evidence sufficient to allow the jury to infer that Phillips had actual knowledge, or something close to it that the notice of claim of lien was false.

The government offered no direct evidence regarding Phillips subjective state of knowledge as to the falsity of the liens. The indictment never stated that Phillips knew or had reason to know her notice of claim of liens were false as stated in statute 18 USC §1521. Phillips was convicted by the jury under instructions which required them to be satisfied of the facts alleged and that the, then defendant, at the time of the filings, knew such claims to be false or fraudulent. This indictment, by omitting the allegation or fact, that the defendant "knew or had reason to know" the filings were false, fails to charge her with a crime. "Where guilt depends so crucially upon a specific identification of fact, the Supreme Court uniformly held that an indictment must do more than simply repeat the language of the criminal statute."Russell v United States 369 US 749, 764-766; 320 F.2d 187 Lauer v United States (7th Cir. 1963)

If the mere filing itself. make the act criminal under federal law, it is not a criminal act by this State. A prior ruling in the Seventh Circuit held a lien claimant is entitled to give notice of his lien or claim by recording the same. It was stated in Torrington Co. v Sidway-Topliff Co. 70 F.2d 949 (7th Cir 1934), "a lien claimant is entitled to give notice of his lien or claim by recording the same but the validity, existence and enforceability of such lien can only be adjudicated by courts of law for the determination and foreclosure thereof on the real estate. Benefit of notice of lien is lost unless suit is filed within one year.

Phillips was criminally prosecuted on the notice of claim of lien without a hearing on its validity, existence and enforceability in a court of law. Phillips filing of the notice of claim of lien was clearly an established right prior to the commencement of the indictment.

4

The statute does not define the terms "real or personal property" as used in the statute. Nor does Chapter 73 of Title 18, where §1521 is located include a definition section for these terms. Similarly there is no guiding preamble, recital or purpose clause. The statute's title and heading simply signals that the statute punishes retaliation against federal employees. Yet there is no allegation in the indictment alleging any intent to retaliate against any person or legal entity known to the law, but merely a blanket charge of general and unidentified intent to retaliate against some person or legal entity who is no way mentioned.

The statute focuses on the filing of false liens or encumbrances against the real or personal property of federal officials but not all false liens or encumbrances that might harass government agencies or officials. The statute does not attempt to distinguish or identify which false liens or encumbrances it will penalize. This too is ambiguous. The description and illustrations used by the court to indicate the "types of filings that harass" are not sufficient to constitute definitions inclusive or exclusive.

II.

Phillips maintains that the charge in this case is unconstitutional. Federal courts may have the power to create federal common law applicable to a substantial federal interest, however the United States Constitution prescribes what the jurisdiction of the federal government is by the enumerated powers at Article 1 §8 cl. 18. That government can regulate foreign and interstate commerce, fix the standards of weights and measurements, establish rules of naturalization, establish uniform laws on bankruptcies, coin money and provide for the punishment of counterfeiting of the coins and securities of the United States, protect the arts and sciences by copyrights and patents, punish for piracies and felonies commited on the high seas, raise and support an army and navy, and lay and collect direct taxes by apportionment, and indirect taxes

by excises, duties or impost.

This is about the extent of the jurisdiction of the United States government. It is only in these areas that a "crime (or offense) against the United States" can exist, and this is so only when Congress actually passes a law in one of these areas.

In this case, the governments witnesss offered testimony that his parcel of real estate (parking garage space) sold by his personal realtor contained a notice of claim filed by Phillips. The filing of notice of claim of lien on real estate for private use is not an enumerated power identified as a "crime (or offense) against the United States". Article 1 §8 cl. 18. The Supreme Court stated in Erie R.Co. v Tompkins 304 US 64 (1937), Congress has no power to declare substantive rules of common law applicable in a state whether they be local in there nature or "general" be they commercial law or part of the law of torts. And no clause in the Constitution purports to confer such a power upon the federal courts. The Supreme Court also decided in civil matters where general common law rights of an individual are concerned, the federal courts are to apply the common law of the state in which the controversy originated.

For example in United States v Fox 94 US 315, 320 (1877), the Supreme Court held that state law governed the bequest of real estate to the United States because the "disposition of immovable property, whether by deed, descent or any other mode, is exclusively subject to the government within whose jurisdiction the property is situated". The real estate offered in testimony by the government witness is of permanent locality, local jurisdiction where local statutes of that state would apply.

III.

Phillips did not waive the right to legal notice of this statute before it was enforced against her. The federal government established the Federal Register in which documents having "general applicability and legal effect" including

6

"every document or order which prescribes penalty" must be published. Congress has provided that proper publication in the Federal Register shall act as legal notice to all those affected by the regulation. Federal Crop Ins. Crop v Merrill 332 US 380 (1947).

There is no evidence that Title 18 USC §1521 complies with the Federal Register requirements as having "general applicability and legal effect" making the judgment of conviction and sentence null and void. Criminal statutes which fail to give due notice that an act has been made criminal before its done are unconstitutional deprevations of due process of law. Lanzetta v State of New Jersey 306 US 451 (1939).

Phillips did not waive the constitutional defects of the penal statute in the indictment. The record of the case will show on July 25, 2013, Phillips filed a motion to dismiss the indictment stating the charges were unconstitutional. FRCrP 12(b)(3)(B) allows a motion to object to the indictment prior to trial where the motion can be determined without a trial. The record of this case shows there was no ruling on this motion.

On June 5, 2014, Phillips filed an interlocutory appeal #14-2264 to vindicate her right not to be tried on the matter. The Supreme Court recognized an exception to the finality requirement which allowed appeals from decisions that fall into that small class which finally determines claims of right separable from, and collateral to rights asserted in the action, too important to be denied review and too independant of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. Cohen v Beneficial Indust. Loan Corp 337 US 541, 546 (1949).

On June 18, 2014, Phillips was convicted in violation of 18 USC §1521. Phillips was twiced prejudiced by the court when the judge made light of her filing the interlocutory appeal as grounds for her to be detained and referred to her as a "paper terrorist" for filing the appeal. The transcript from

7

this hearing will show the court ruled Phillips to be a danger to the community
based on the filing of the appeal and a complaint to further protest the court
proceedings. His determination to deny bail did not fall under the criteria as
a danger to the community as cited under Federal Rules of Appellate Proc. FRAP
9(c) and Release for Bail under 18 USC §3143(a). The prosecutor and
the trial court questioned the right to appeal, to an oral and fundamental trial
making remarks subject to sanctions and the failure to advance.

IV.

The lack of certainty of the challenged act is not limited to "any false
lien or encumbrance against the real or personal property of federal officials."
Consistent with the text of the statute, the challenged mens rea incorporates
both subjective and objective considerations. [The defendant] "knowing or having
reason to know that such lien or encumbrance is false or contains any materially
false, ficticious or fraudulent statements" is ambiguous. If actual knowledge
or having reason to know is required each status must be established as a fact.

If the mere filing itself creates guilt, the Seventh Circuit has established
a lien claimant is entitled to give notice by filing the same and that its
validity, existence and enforceability of such lien can only be adjudicated
by a court of law. Phillips was entitled to a hearing on the liens alone. The
mere filing of the notice of claim of lien is not a criminal act in Illinois.

Section 1521 does not define the terms "real or personal property" as used
in the statute. Nor does the case United States v Reed 668 F.3d 978 (2012)
define those terms or refer to any laws in the state of North Dakota. The
common law so far as it is enforced in a state whether called common law or
not, is not the common law in general but the law of that state, existing by
the authority of that state without regard to what it may have been in England
or anywhere else..., "the authority and only authority is the state, and if that
be so, the voice adopted by the state as its own [whether it be the legislature

8

or the Supreme Court] should utter the last word." Erie R.R. v Tompkins 304 US 64; In re Iowa R. Co. 840 F.2 535 (7th Cir 1987)

Where an indictment charges no crime, the court lacks jurisdiction to try the accused, a motion to quash the indictment is always timely. 22 Corpus Juris Secundum. "Criminal Law" §157, p 188; citing People v McCarty 445 N.E. 2d 298; 94 Ill. 2d 28.

WHEREFORE, Phillips moves this court for an order reversing the conviction as unsupported by sufficient evidence to criminally charge in the indictment and an order for immediate release on personal recognizance pending the courts decision on the pending motion.

### Verification

I Cherron Marie Phillips declare under penalty of perjury under the laws of the United States of America that I have first hand knowledge hereto and to the best of my knowledge and belief all matters are true and correct. Executed this February 27. 2017.

By: *Cherron Marie Phillips*

Cherron Marie Phillips
All Rights Reserved

### Acknowledgement

On this date in Waseca Minnesota. Cherron Marie Phillips who is known and identified to me, appeared and executed the foregoing of her own free will duly affirmed under penalty of perjury. Done this 27th day of February 2017

FCI Waseca Staff

SARAH ANNE WHITESITT
Notary Public-Minnesota
My Commission Expires Jan 31, 2020

### Certificate of Service

This is to certify that I have served a true and correct copy of the foregoing Amended Petition to the following addresses by placing the same in a sealed envelope bearing sufficient postage for delivery via United States Postal Service by legal mail provided at FCI Waseca on February 27th 2017.

UNITED STATES DISTRICT COURT
219 S Dearborn 20th Floor
Attn Clerk of Court
Chicago IL 60604

Nathan D Stump AUSA
9 Executive Drive
Fairview Heights IL 62208

Chevron Marie Phillips

NAME REG# 45209 424

FEDERAL CORRECTIONAL INSTITUTION UNIT C

P.O. BOX 1731

WASECA, MN 56093

03/03/2017-12

⇔45209-424⇔
Clerk Of Court
Northern District of Ill
219 S Dearborn ST
US District Court
Chicago, IL 60604
United States

RECEIVED

MAR 0 3 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Legal Mail

Federal Correctional Institution
P.O. Box 1731
Waseca, MN 56093-0741

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another address, please return the enclosure to the above address. Date Mailed: 2-27-17