# FILED

APR 03 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Cherron Marie Phillips
FCI Waseca #45209-424
PO Box 1731
Waseca MN 56093

## UNITED STATES DISTRICT COURT NORTHERN DISTRICT ILLINOIS
### EASTERN DIVISION

Cherron Marie Phillips
    Petitioner

Case No **17-cv-1338**
re 12-cr-872-1

v

UNITED STATES OF AMERICA
    Respondents

Petition for Release
on Bail 18 USC §3143(b)

## Petition

I Cherron Marie Phillips, herein as petitioner move this court for an order for Bail pending the appeal before this court pursuant to 18 USC §3143(b) which states:

> ...the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment and who has filed an appeal or a petition for writ of certiorari, be detained unless the judicial officer finds (A) by clear and convincing evidence that the person is not likely to flee or pose danger to the safety of any other person or the community if released under 3142(b) or (c) and (B)... raises a substantial question of law or fact likely in reversal, new trial, or sentence that does not include a term of imprisonment.

Petitioner contends she should be released pending the disposition of the pending motion because she meets the criteria for release and because she has raised issues for which there is a substantial question of law and jurisdiction likely to result in a reversal of her conviction or an order for a new trial.

Petitioner asserts that a substantial question exist whether the statute 18 USC §1521, charged in the indictment applies as a substantial federal interest giving the federal court power to charge and convict in a criminal case. The The issue relating to legislative jurisdiction is necessary and is likely to result in reversal or an order for a new trial of all count on which imprisonment has been imposed.

1

Phillips maintains that the charge is unconstitutional law and the crime alleged in the statute is not cognizable by the court. The conduct prohibited by the statute does not constitute a crime against the United States.

Phillips maintains she did not plea to the courts jurisdiction and filed a "Motion to Dismiss Indictment". The plea entered by the court by Mr. Milton I. Shadur, sitting as Judge, who later recused himself, not only prejudiced Phillips, but seriously affected the fairness, integrity and public reputation of the judicial proceedings.

Phillips maintains her substantial rights were consistently violated by the court. The transcript of the case shows there was no ruling on the "Motion to Dismiss Indictment". However, the transcripts show the court stated "the motion was styled as a motion to dismiss pursuant to Federal Rules of Civil Procedure 12"..."this is a criminal case to which the Federal Rules of Civil Procedure by definition don't apply".(See Transcript of Proceedings-Status July 29, 2013 p. 3, p. 11) The "Motion to Dismiss Indictment" filed by Phillips does not reflect the Federal Rules of Civil Procedure.(See Ex. A-attached)

And while a Rule 12 motion may be found under both the Federal Rules of Civil Procedure as well as the Federal Rules of Criminal Procedure, the motion in this case was not considered by this court. Fed. R. Crim. P 12(b)(3) list motions that must be made before trial and a "Motion to Dismiss Indictment" is inclusive. It was in the power of the district court to answer on the motion of whether the statute in question was constitutional as well as the question of whether petitioner's actions were enough to draw her within the personal jurisdiction of the court, before the trial, since the jurisdiction of the court was not of record."It is the duty of this court to see to it that the jurisdiction of the Circuit court, which is defined and limited by statute, is not exceeded." Kelly v. United States 29 F.3d 1107 (7th Cir. 1994) See Commercial Nat'l Bank of Chicago v. Demos 18 F.3d 485 at 487 (7th Cir. 1994)

2

"...we must consider the issue sua sponte when it appears from the record that jurisdiction is lacking".

The court can not say the question under review is not substantial or susceptible to a different answer under 18 USC §3143(b). The issue for determination is whether the statute 18 USC §1521, charged in the indictment, is an offense against the United States which goes to the jurisdiction of the court because the issue in the indictment is not among the enumerated powers of the Constitution, the statute itself does not specify a substantial federal interest and subject matter jurisdiction defines the court authority to hear a given type of case.

In this particular case, where a lien on real property is of concern the federal courts are against the idea that there is federal common law of real property. See United States v Certain Property in Manhattan, 306 F.2d 439, 444 (2d Cir. 1962), 344 F.2d 142, 144-45 (2d Cir. 1965); United States v. Williams, 441 F. 2d 637, 643 (5th Cir. 1971); United States v. Doyle, 468 F.2d 633, 636 (10th Cir. 1972); United States v. O'Connell, 496 F.2d 1329, 1332 (2d Cir. 1974); United States v. Irby, 618 F. 2d 352, 355 (5th Cir. 1980); United States v California, 655 F.2d 914, 916-17, 919-20 (9th Cir. 1980). This trend was supported by Supreme Court decision in United States v. Brosnan, 363 U.S. 237, 241-42, (1960), where "state law governing divesture of federal tax liens" in order to avoid "severe dislocation to local property relationships which would result from disregarding state procedures". And in United States v Fox, 94 US 315, 320 (1877) where the Supreme Court held that state law governed the bequest of real estate to the United States because "diposition of immovable property, whether by deed, descent, or any other mode, is exclusively subject to the government within whose **jurisdiction** the property is situated."

By the court enforcing this statute in this case, there can be no doubt it takes away or impairs the substantial rights provided to the petitioner at

the time, which was the right to file notice of claim of lien; and where the Seventh Circuit agreed stating "...a lien claimant is entitled to give notice of his lien or claim by recording the same..." Torrington Co. v Sidway-Topliff Co. 70 F.2d 949 (7th Cir 1934).

In this case where the witness testified that Phillips, filed a notice of claim against his real property (parking garage space), it is a fair inference that he was an individual domiciled in Illinois. Under Fed.R.Civ.P 17(b)..."the capacity of an individual,...to sue or be sued shall be determined by the law of his domicile. FRCivP. 17(b). If one of the parties on one side of the suit is a citizen of the same State with one or more of the parties on the other side the federal courts have no jurisdiction. Strawbridge et.al v. Curtiss et.al. 3 Cranch 267; Farni v Tesson, 1 Black 309.

Petitioner has met the standard for release in §3143(b). The issue is not whether the court believes Phillips has shown a likelihood of success on the merits of appeal; but rather it is whether Phillips presents a close question that could very well be decided the other way and that requirement has been met. United States v. Eaken 995 F.2d 740 (7th Cir. 1993)

Petitioner is not likely to flee and is not a danger to the community or any person. She has shown by clear and convincing evidence that she is not a risk of flight or community danger.

Based upon the foregoing findings the resolution of Phillips petition is dictated by the clear command of the statute. See 18 USC §3143 (b)(1)(B). "If the judicial officer makes such findings, such judicial officer shall order the release of the person..."

WHEREFORE: Phillips moves this court for an Order for Release on personal recognizance bond, pending the motion before this court.

## Verification

I Cherron Marie Phillips declare under penalty of perjury under the laws of the United States of America that I have first hand knowledge hereto and to the best of my knowledge and belief all matters are true and correct. Executed this March 30-, 2017.

By: *Cherron Marie Phillips*

Cherron Marie Phillips
All Rights Reserved

## Acknowledgement

On this date in Waseca Minnesota, Cherron Marie Phillips who is known and identified to me, appeared and executed the foregoing of her own free will duly affirmed under penalty of perjury. Done this 30th day of March 2017.

_____, CASE MANAGER Waseca Staff
AUTHORIZED BY THE ACT OF JULY 27, 1955
TO ADMINISTER OATHS (18 USC 4004)

## Certificate of Service

This is to certify that I have served a true and correct copy of the foregoing Petition for Bail to the following addresses by placing the same in a sealed envelope bearing sufficient postage for delivery via United States Postal Service by legal mail provided at FCI Waseca on March 30th, 2017

By: *Cherron Marie Phillips*

All Rights Reserved

UNITED STATES DISTRICT COURT NDIL
Clerk of Court
219 South Dearborn
Chicago IL 60604

Nathan D. Stump AUSA
9 Executive Drive
Fairview Heights IL 62208



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

UNITED STATES OF AMERICA
   *Plaintiff*

   v.

CHERRON MARIE PHILLIPS
*aka "Cherron Phillips El," River Tali El Bey,"*
*"River Tali Bey," River Tali" and "River"*
   *Defendant*

JUL 2 3 2013
7 - 23 -2013
No. 1:12-CR-872
Judge Milton L. Shadur THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## MOTION TO DISMISS INDICTMENT

  NOW COMES, River Bey herein as "Aggrieved Party" and hereby moves this Honorable

Court to dismiss the charges, 18 USC 1521, against the defendant CHERRON MARIE

PHILLIPS on the grounds that the statute is unconstitutional on their face and as applied to

named defendant in the above entitled matter.

  As further grounds therefore, the Aggrieved Party submits the attached memorandum.

  **WHEREFORE,** River Bey respectfully request this Honorable court to dismiss the

indictment with prejudice, grant other and further relief as may be just and proper.

By: _____
   Cherron M. Phillips
   c/o PO Box 802625
   Chicago Illinois [60680]
   312-857-5456

EX. A

Chevron Marie Phillips
NAME_____ REG# 45209424
FEDERAL CORRECTIONAL INSTITUTION UNIT____ C
P.O. BOX 1731
WASECA, MN 56093



MINNEAPOLIS MN 554

31 MAR 2017 PM 9 L



04/03/2017-60

⇔45209-424⇔
Clerk Of Court
Northern District of Ill
219 S Dearborn ST
US District Court
Chicago, IL 60604
United States

"Legal Mail"

60604$1800