IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| CHERRON MARIE PHILLIPS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Case No. 17-cv-1338-MJR |
|  | ) |  |
| UNITED STATES, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

This matter is now before the Court on Petitioner Cherron Phillips' Motion for Evidentiary Hearing on Remaining Claims (Doc. 20), wherein she demands an evidentiary hearing or summary judgment. Petitioner focuses on two alleged infirmities in this Court's consideration of her habeas petition—first, that she filed documents on April 12, 2017, and May 31, 2017, that this Court did not satisfactorily consider; and, second, that her case warranted an evidentiary hearing or summary judgment (Doc. 20). Thus, her Motion seeks an evidentiary hearing or a summary judgment style ruling (*Id.*).

First, as to Petitioner's April 12, 2017 filing—this Court denied the request she made for information in that filing because she filed the document at a time when she was not free to add supplemental information to her habeas case, and there appeared to be no legal basis for her to seek information via the filing (*See* Dkt. txt. 11). As to

Petitioner's assertion that she filed a document on May 31, 2017, the Court did not receive anything from her on or about that date, and at that time she had no permission to file extraneous documents. The Court notes that on July 10 (Doc. 14) and July 27 (Doc. 15) Petitioner filed two extraneous motions, but the Court addressed these filings in its Order denying habeas relief (Doc. 18). The extraneous filings Petitioner made during the course of her habeas petition were borderline non-sensical, referencing personal indebtedness and claims for credit against the Government. As the Court speculated in a text entry in response to the April 2017 filing—Petitioner's conduct mimicked that of a sovereign citizen. Nevertheless, the Court made a genuine effort to interpret the filings and to address them in a judicious manner. The Court does not find that anything in Petitioner's latest filing casts doubt on its earlier actions or warrants further relief.

Second, as to Petitioner's claim that she is entitled to summary judgment or an evidentiary hearing on her habeas petition, this is simply untrue. Neither party broached the idea of summary judgment while briefing the petition for habeas review, so the Court had no reason to evaluate the petition in that light. As to an evidentiary hearing, the Court considered the necessity of such a hearing, but specifically declined to hold one in its Order denying habeas relief (Doc. 18). The Court finds no error in that determination. Thus, Petitioner has not set forth a valid basis that this Court should

undertake additional analysis of her claims via summary judgment or an evidentiary hearing.

Based on the foregoing analysis, Petitioner's Motion for Evidentiary Hearing on Remaining Claims (Doc. 20) is **DENIED**. Petitioner is once again warned that she should exercise discretion before making any future filings because the Court is not required to endure vexatious and repetitive filings by a prisoner who simply will not take no as an answer. *Alexander v. United States*, 121 F.3d 312, 315-16 (7th Cir. 1997) **(applying monetary sanctions for duplicative filings in a habeas case).**

IT IS SO ORDERED.

9-20-2017

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge