IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHERRON MARIE PHILLIPS, )<br>)<br>Defendants. ) | Case No. 3:17-cv-1338-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is now before the Court on Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* (Doc. 33). The underlying case is a habeas corpus petition filed by Petitioner Cherron Marie Phillips, alleging that her conviction and sentence are infirm for numerous reasons. The Court dismissed the Petition in its entirety and denied a certificate of appealability after determining that Petitioner identified no meritorious grounds for her claims, additionally, the Court denied a subsequent motion for summary judgment wherein she essentially sought to rehash issues raised earlier (Docs. 17, 18, 21, 23). Petitioner continued to bombard the Court with frivolous and incoherent filings (Docs. 20, 24, 25, 26). It is against this backdrop that the Court rules on the request to proceed *in forma pauperis* ("IFP") on appeal.

Prior to delving into Petitioner's qualifications for proceeding IFP, the Court must comment on the strange nature of the appellate case—17-3404. The document

characterized as a 'notice of appeal' on the docket sheet in this case, and transmitted to the Seventh Circuit Court of appeals as a 'short record' is actually Petitioner's Reply to the Government's Response to her habeas Petition (*See* Doc. 27; *see also* 7th Cir. PACER Case No. 17-3404, Doc. 1). The contents of the Reply brief are targeted at attacking the Government's response to Petitioner's eligibility for habeas relief; there is no mention of an appeal (*Id.*). Additionally, the Reply brief appears on this Court's docket on July 24, 2017—thus it predates this Court's final order and judgment denying habeas relief (docketed August 17, 2017) (*See id.*; Docs. 17, 18). The date discrepancy raises doubt about whether or not there even would have been a live appealable issue at the time Petitioner filed the Reply document. Based on these issues, the District Court finds it questionable whether or not Petitioner has actually lodged a proper notice of appeal identifying issues for appeal.[1] Assuming arguendo that the Reply document is a notice of appeal, the Court will now analyze appropriateness of IFP status for the issues raised therein.

The Court notes that Petitioner's Motion for IFP does appear to comply with the statutory requirements of 28 U.S.C. § 1915, in so much as she has included a copy of her trust fund statement reflecting her financial situation in the prison. Petitioner has also

---

[1] The Seventh Circuit flagged this issue when it received the short record (*See* 7th Cir. PACER Case No. 17-3404, Doc. 2). "A preliminary review of the short record indicates that petitioner Cherron M. Phillips has not filed an appeal from the district court's entry of judgment on August 17, 2017, denying her § 2255 petition. Absent any paper that could be treated as a notice of appeal, see *Smith v. Barry*, 502 U.S. 244 (1992), and that was filed within 60 days of the judgment (and we see no such paper), this matter should not have been docketed as an appeal." (*Id.*).

included a detailed accounting of the expenses she faces each month via the Court's IFP form. However, these technical formalities do not overcome Petitioner's ultimate problem—that her filings in this case are frivolous.

The ordinary filing fee for an appeal in federal court is $505, consisting of a $5 fee due upon the filing of a notice of appeal and a $500 fee for docketing the appeal, with both fees payable to the clerk of the district court where the notice of appeal is filed. *See* 28 U.S.C. § 1913; 28 U.S.C. § 1917. However, under 28 U.S.C. § 1915, an indigent party may bring an appeal, without payment of the usual fees, upon submission of an affidavit asserting that the indigent party "is unable to pay such fees or give security therefor" and stating "the nature of the ... appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Rule 24 of the Federal Rules of Appellate Procedure provides that a party to an action in federal district court who desires to appeal IFP must first file a motion in the district court requesting leave to appeal without payment of fees and costs. *See* FED. R. APP. P. 24(a)(1). The party's motion must be accompanied by an affidavit that: (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. *See id.* An appeal may not be taken IFP if the trial court certifies in writing that it is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443 (1962). In general, an appeal is in good faith for purposes of Section 1915(a)(3) if it raises legal points that are

reasonably arguable on their merits. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Conversely, to appeal in bad faith means merely to appeal "on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Throughout the lifespan of this case, Petitioner has repeatedly filed voluminous and incoherent documents characteristic of a sovereign citizen, wherein she asserts that the Court does not have authority over her, that the laws prohibiting her offense conduct are illegitimate, and that evidence for her conviction was lacking, among other things. The Court tried to give Petitioner an adequate chance to present her claims in the first instance by allowing an extension of time for her to file documents, and by agreeing to review superfluous filings (Docs. 6, 11). Throughout the duration of the case, the Court also repeatedly issued cautionary warnings to Petitioner that if she continued a course of abundant and frivolous filings, she could ultimately be sanctioned for her conduct (Docs. 11, 18, 21, 23). Nevertheless, she persisted.

Petitioner's persistence adds up to nothing of value. She continues to bombard the Court with the same frivolous arguments. That she cannot or will not accept her conviction, and instead chooses to attack it by attempting to undermine the jurisdiction of the courts or the validity of the laws, is a pity. However, this Court's position has not changed. This case does not present legal or factual issues of a debatable nature. There

are not infirmities in the evidence or the law that resulted in this Petitioner's conviction. Reasonable jurists could not differ on the appropriateness of the ultimate outcome. Accordingly, just as this Court declined to issue a certificate of appealability, this Court also **DENIES** Petitioner's request to proceed IFP on appeal.

To the extent there are other matters still pending, such as Petitioner's Petition to Rescind the Executive Committee Order (Doc. 25), this Court finds that it lacks authority to address these pending matters in light of the Seventh Circuit's Order that all other proceedings shall be suspended pending a decision on Petitioner's IFP status (Dkt. txt. 31). Once the Appellate Court takes action in this matter, this Court will issue an order addressing Petitioner's pending motions (Docs. 24 ,25, 26).

**IT IS SO ORDERED.**

DATED:. /2-15-17

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge