**FILED**

JUL 0 3 2018

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

Cherron Marie Phillips
FCI Waseca Reg 45209-424
P.O. Box 1731
Waseca MN 56093

UNITED STATES DISTRICT COURT NORTHERN DISTRICT ILLINOIS

Cherron Marie Phillips
    Petitioner

                      Case No. 17-cv-1169

v.

Warden FCI Waseca
    Respondent

                      Fed.R.App.P. 9(a)
                      Release Pending Appeal

## Petition

Petitioner Cherron Marie Phillips, hereinafter Phillips submits her duly affirmed petition for Release Pending appeal as executed before the clerk who administers oaths for verification of all statements under penalty of perjury and to state why the release pending appeal should be granted.

On May 7, 2018, Phillips moved for injunctive relief on the sentence to imprisonment and requested bail pending appeal.

On May 23, 2018 the district court returned Phillips' petition with its Executive order indicating Phillips was a restricted filer.

Phillips maintains the courts are to make exceptions for any criminal case which Phillips is a defendant and for any application for habeas corpus that she wishes to file. The court is not to impede her from making any filings necessary to protect her from imprisonment or other confinement.

In Support Syst. Int'l Inc. v Mack 45 F.3d 185, 186 (7th Cir. 1995), the court ruled that it explicitly exempts criminal cases and petitions challenging the fact or duration of confinement from the filing bar. Therefore the restricted filing bar is not to impede upon Phillips petitions for relief from confinement or imprisonment.

Phillips is currently in custody at Waseca,MN Federal Prison under sentence and commitment of the District Court for Northern Illinois upon a charge with retaliating against a federal official by false claim. (See Doc# 213 in 12-cr-872)

1

#12-cr-872)

Phillips was indicted in the District Court for Northern Illinois on November 9, 2012; the cause came on for trial on June 16, 2014 and she was sentenced on October 14, 2014 to 7 years imprisonment and committed to Federal Bureau of Prisons on June 26, 2014 and is now confined at FCI Waseca in Minnesota.

Phillips seeks reversal of the judgment on the grounds that her constitutional claims are likely to succeed based on the following facts in the attached Memorandum of Law and relevant parts of the record.

The substantial question is (1) Whether Phillips is detained or imprisoned by the United States pursuant to an act of Congress; (2) Whether the plaintiff, UNITED STATES OF AMERICA possessed standing to sue under Constitutional Article III requirements; (3) Whether the statute §1521 is unconstitutional in violation of the First Amendment. The Eleventh Circuit pointed out that a question might be novel or without controlling precedent but so obviously wrong that no court previously has had to address the question. United States v. Giancola 745 F.2d 898, 901

Release or Detention Pending Appeal

Under the 1984 Bail Reform Act a court must find the following four factors in order to grant bail pending appeal:
    (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
    (2) that the appeal is not for the purpose of delay;
    (3) that the appeal raises a substantial question of law or fact; and
    (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142 (b) or (c) of title 18 USC §3142 (b) or (c).

Phillips is not likely to flee based on ties to family and community and her compliance with her conditions of bond prior to sentencing including her appearance


at all court settings. Additionally there is no evidence that Phillips pose a risk of safety to others.

Phillips appeal presents a substantial question of law of fact and is not for the purpose of delay and will likely result in (i) reversal, (ii) an order for new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Memorandum of Law

Phillips maintains she is currently in prison in violation of Title 18 USC §4001(a) where "No citizen shall be imprisonmed or otherwise detained by the United States except pursuant to an act of Congress." The statute charged Title 18 USC §1521, in case #12-cr-872 fails as an act of Congress in that it could not be authenticated in regular form by the appropriate official, the National Archivist.

Phillips maintains that the question as to whether the charged act §1521 comply as an Act of Congress is a substantial question. The Seventh Circuit has previously defined a substantial question as one that "is a "close" question or one that could very will be decided the other way." United States v. Eaken 995 F.2d 740, 743 (7th Cir. 1993)

The question is likely to result in reversal or an order for a new trial where the Supreme Court in Field v. Clark 143 U.S. 649 identified an "Act of Congress" as a bill that has the "official attestation by the two houses, approved by the President, and deposited in the Public Archives," its authentication as a bill that passed Congress is complete and unimpeachable. Section 1521 was not available as a bill deposited in the Public Archives and authenticated as a bill that passed Congress, complete and unimpeachable.

Phillips moves this court to take judicial notice that the National Archives Establishment is for the purpose of filing copies for publication and such filings constitutes constructive notice of the contents of the documents deposited is in

compliance with the statute. Federal Crop Ins. Corp. v. Merrill, 322 U.S. 380. The Archivist who sits on the Administrative Committee of the Federal Register is the appropriate official to certify "acts of Congress" for individual copies.

Balance of Equity

Phillips made attempts to purchase the Court Security Improvement Act of January 8, 2007, including the charged act §1521 from the National Archives but was unsuccessful in obtaining it because she was told by the Archivist the act was not "positive law from Congress".

Phillips was able to purchase a copy of the Federal Register Act at 49 Stat 500, Ch. 417 Act of July 26, 1935 in its authenticated form and submitted it to the court as evidence when she filed her Motion to Dismiss Cause of Action for Failure to Bring Charges pursuant to an act of Congress.(Doc.#110 in case 12-cr-872). "An enrolled act thus authenticated is sufficient evidence of itself that it passed Congress,...if a legislative document is authenticated in regular form by the appropriate official, the court treats that document as properly adopted." United States v. Thomas 788 F.2d 1250 (7th Cir. 1986)

Where the National Archivist could not provide the Court Security Improvement Act of January 8, 2007 including §1521, stating it was not "positive law from Congress", Phillips presumed, without any proof to the contrary, that the statute relied on at sentencing is not an Act of Congress and maintains the entire sentence to imprisonment is illegal absent Congressional authority.

The appellate court is more likely than not to reverse the conviction or order a new trial on all accounts for which imprisonment was imposed. United States v. Bilanzich 771 F.2d 292, 298 (7th Cir. 1985) Where the act failed as an authenticated bill that has passed Congress, complete and unimpeachable the judgment is void should be reversed on all counts.

Equitable Estoppel

Phillips claims equitable estoppel against the UNITED STATES OF AMERICA

4

and its claims stating she violated any law of the United States where the facts upon which she based her claims were addressed or communicated directly to her by a government official. United States v. Gross 451 F.2d 1355, 1358 (7th Cir. 1971) (suggesting that the government may be estopped where "the facts upon which the private party relied on to his detriment were addressed or communicated directly to him by a government official.)

In Gross 451 F.2d 1355, the defendant relied on info published in IRS booklet that unlicensed individual could sell a firearm to another who resided in the same state as the seller. The Gun Control Act did not prohibit such sale. The sentence to imprisonment was suspended and the defendant was placed on probation with a fine.

United States v. Fox Lake State Bank 366 F.2d 962, 965 (7th Cir. 1966), set forth four requirements for determining when such circumstances exist:

> First the party to be estopped must know the facts. Second, this party must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has a right to believe it is so intended. Third, the party asserting estoppel must have been ignorant of the facts. Finally, the party asserting estoppel must reasonably rely on the other's conduct to his substantial injury.

The Ninth Circuit noted that "the government action upon which estoppel is to be based, must amount to affirmative misconduct, "shich that court defined as "something more than mere negligence." TRW Inc. v. Federal Trade Comm. 647 F.2d 942, 950-51 (9th Cir. 1981)

"The National Archives and Records Administration (NARA) is an office of the executive branch." Carlson v. United States 837 F.3d 753 (7th Cir. 2016). The officers knew or should have known the charged act failed to comply as an "Act of Congress".

Considering the Nature and Circumstance of the Offense §3553(a)

Phillips maintains that the nature and circumstances of the offense and the

history and characteristics of the defendant were not adequately considered prior to imposing the sentence. Section 3553(a)(2)(A) requires the judges to consider "the need for the sentence imposed... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense".

Where the court shall consider both conduct that occurred prior to the offense and conduct during the offense, the courts failed to consider before Phillips filed the claims in the public record, she genuinely sought a government response to what she witnessed as misconduct by individuals misusing the considerable power available to them in case number 06-cr-778, where her family heirlooms were unlawfully seized. "...A sentence to imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstance involved in sentencing". Gall v. United States 552 U.S. 38, 54, 169 Led 2d 445 (2007)

The court must, after considering these factors, impose a parsimonious sentence, that is, one "sufficient but not greater than necessary" to satisfy the purpose of the sentencing set forth in §3553(a). Gall 552 U.S. at 54.

In United States v. Small 618 Fed. Appx. 870 (7th Cir. 2015), the defendant was charged with multiple counts of filing false liens against public officials 18 USC §1521. The defendant was sentenced to 20 months which was substantially shorter than his calculated guideline rage of 51-63 months and thus it was presumptively reasonable. Rita v United States 551 U.S. 338, 351, 168 Led 2d 203(2007)

Where the defendant in that case was sentenced to 20 months and charged with the same conduct, it is more likely than not Phillips would receive a reduced sentence less than the time already served to avoid unwarranted sentence disparities. §3553 (a)(6), Gall 552 U.S. at 55.

Where the judge filed a Sentencing Memorandum on the Sovereign Citizens Movement (Doc# 202), Phillips is in no way affiliated nor was her conduct based on such.

6

18 USC §3142

The Senate Report on the Act states that the post-conviction release provision "statutorily [permits] release of a person...while he is appealing." S.Rep No. 225, 98th Cong., 1st Sess. at 26 (1983), reprinted in 1984 U.S. Code Cong. & Ad. News 1, 29 (Supp 9A).United States v Giancola 754 F.2d 898, 901 (11th Cir. 1985)

WHEREFORE, Phillips believes she has overcome the presumption that she should be detained based on the conviction in this case and moves the court for an order to be released pending appeal meeting the factors pursuant to 18 USC §3143(b).

Respectfully Submitted

By: Cherron Marie Phillips
    Cherron Marie Phillips
    All Rights Reserved

This area intentionally left blank

Verification

I Cherron Marie Phillips declare under penalty of perjury under the laws of the United States of America that I have first hand knowledge hereto and to the best of my knowledge and belief all matters are true and correct. Executed this June 25, 2018.

By: Cherron Marie Phillips

Cherron Marie Phillips
All Rights Reserved

Acknowledgement

On this date in Waseca Minnesota, Cherron Marie Phillips who is known and identified to me, appeared and executed the foregoing of her own free will duly affirmed under penalty of perjury. Done this June 25, 2018.

_____, CASE MANAGER WASECA STAFF[SEAL]

AUTHORIZED BY THE ACT OF JULY 27, 1955
TO ADMINISTER OATHS (18 USC 4004)

Certificate of Service

This is to certify that I have served a true and correct copy of the foregoing Bail Pending Appeal, Fed.R.App.P 9 to the following addresses by placing the same in a sealed envelope bearing sufficient postage for delivery via the United States Postal service by legal mail provided at FCI Waseca on June 25, 2018.

United States District Court
Attn Clerk of Court
219 South Dearborn
Chicago Illinois 606004

Angel M. Krull
Asst U.S. Attorney
219 South Dearborn
Chicago Illinois 60604

By: /s/ Cherron Marie Phillips
All Rights Reserved

**RECEIVED**

JUL 0 3 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Cherron Marie Phillips   452094
NAME C
FEDERAL CORRECTIONAL INSTITUTION UNIT
P.O. BOX
WASECA

CERTIFIED MAIL®



7018 0040 0000 3035 8955

2018 JUL -3 AM 8:39

⟨+⟩45209-424⟨+⟩
Clerk Of Court
Northern District of Ill
219 S Dearborn ST
US District Court
Chicago, IL 60604
United States





Legal Mail

606043180D  C005

1:18-cv-06246
Judge John Z. Lee
Magistrate Judge Jeffrey Cole
PC10

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FO

07/03/2018-43