Cherron Marie Phillips
FCI Waseca Reg 45209-424
P.O. Box 1731
Waseca MN 56093

**FILED**
JUL 23 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT NORTHERN DISTRICT ILLINOIS

Cherron Marie Phillips
    Petitioner

v.

Warden FCI Waseca
    Respondent

Case No. 17-cv-1169

Fed.R.App.P. 9(a)
Release Pending Appeal

## Amended Petition

Petitioner Cherron Marie Phillips, hereinafter Phillips submits her duly affirmed petition for Release Pending appeal as executed before the clerk who administers oaths for verification of all statements under penalty of perjury and to state why the release pending appeal should be granted.

On May 7, 2018, Phillips moved for injunctive relief on the sentence to imprisonment and requested bail pending appeal.

On May 23, 2018 the district court returned Phillips' petition with its Executive order indicating Phillips was a restricted filer.

Phillips maintains the courts are to make exceptions for any criminal case which Phillips is a defendant and for any application for habeas corpus that she wishes to file. The court is not to impede her from making any filings necessary to protect her from imprisonment or other confinement.

In Support Syst. Int'l Inc. v Mack 45 F.3d 185, 186 (7th Cir. 1995), the court ruled that it explicitly exempts criminal cases and petitions challenging the fact or duration of confinement from the filing bar. Therefore the restricted filing bar is not to impede upon Phillips petitions for relief from confinement or imprisonment.

Phillips is currently in custody at Waseca, MN Federal Prison under sentence and commitment of the District Court for Northern Illinois upon a charge with retaliating against a federal official by false claim. (See Doc# 213 in 12-cr-872)

1

#12-cr-872)

Phillips was indicted in the District Court for Northern Illinois on November 9, 2012; the cause came on for trial on June 16, 2014 and she was sentenced on October 14, 2014 to 7 years imprisonment and committed to Federal Bureau of Prisons on June 26, 2014 and is now confined at FCI Waseca in Minnesota.

Phillips seeks reversal of the judgment on the grounds that her constitutional claims are likely to succeed based on the following facts in the attached Memorandum of Law and relevant parts of the record.

The substantial question is (1) Whether Phillips is detained or imprisoned by the United States pursuant to an act of Congress; (2) Whether the plaintiff, UNITED STATES OF AMERICA possessed standing to sue under Constitutional Article III requirements; (3) Whether the statute §1521 is unconstitutional in violation of the First Amendment. The Eleventh Circuit pointed out that a question might be novel or without controlling precedent but so obviously wrong that no court previously has had to address the question. United States v. Giancola 745 F.2d 898, 901

Release or Detention Pending Appeal

Under the 1984 Bail Reform Act a court must find the following four factors in order to grant bail pending appeal:
(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
(2) that the appeal is not for the purpose of delay;
(3) that the appeal raises a substantial question of law or fact; and
(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142 (b) or (c) of title 18 USC §3142 (b) or (c).

Phillips is not likely to flee based on ties to family and community and her compliance with her conditions of bond prior to sentencing including her appearance

2

at all court settings. Additionally there is no evidence that Phillips pose a risk of safety to others.

Phillips appeal presents a substantial question of law of fact and is not for the purpose of delay and will likely result in (i) reversal, (ii) an order for new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Memorandum of Law

Under 18 USC 3143 (b) a "substantial question of law" is not whether the court believes defendant has shown a likelihood of success on the merits of the appeal; rather it is only whether defendant presents a 'close' question or one that could be decided the other way." United States v. Shoffner 791 F.2d 586, 589 (7th Cir. 1986)(quoting United States v. Giancola 754 F.2d 898 (11th Cir. 1985)

Section 1521 - Not an Act of Congress

Phillips maintains that the question as to whether the charged act §1521 comply as an Act of Congress is a substantial question, and one that could be decided the other way. United States v. Eaken 995 F.2d 740, 743 (7th Cir. 1993)

Phillips relies on the case of Field v. Clark 143 U.S. 649 (1892), where the Supreme Court identified an "Act of Congress" as a bill that has the "official attestation by the two houses, approved by the President, and deposited in the Public Archives," its "authentication as a bill that passed Congress is complete and unimpeachable."

Phillips contends that §1521 is incomplete and impeached as an Act of Congress as it was <u>not</u> available as a bill deposited in the Public Archives and authenticated as a bill that passed Congress.

Phillips moves this court to take judicial notice that the National Archives Establishment is for the purpose of filing copies for publication and such filings constitutes constructive notice of the contents of the documents deposited is in

3

compliance with the statute. Federal Crop Ins. Corp. v. Merrill, 322 U.S. 380. The Archivist who sits on the Administrative Committee of the Federal Register is the appropriate official to certify "acts of Congress"for individual copies.

Phillips made attempts to purchase the Court Security Improvement Act of January 8, 2007 including the charged act §1521 from the National Archivist but was unsuccessful in obtaining it because she was told by the Archivist the act was "<u>not</u> positive law from Congress."

On or around March of 2014 Phillips was able to purchase in its authenticated form a copy of the Federal Register Act of July 26, 1935 at 49 Stat 500 Ch. 417, and submitted it to the court as evidence along with her "Motion to Dismiss Cause of Action for Failure to Bring Charges pursuant to an act of Congress." (See. Doc. #110 in case 12-cr-872). An enrolled act thus authenticated is sufficient evidence of itself that it passed Congress. "...if a legislative document is authenticated in regular form by the appropriate official, the court treats that document as properly adopted." United States v. Thomas 788 F.2d 1250 (7th Cir. 1986)

Where the National Archivist could not provide the Court Security Improvement Act of January 8, 2007 including §1521, stating it was "not positive law from Congress", Phillips presumed, without any proof to the contrary, that the statute relied on at sentencing is not an Act of Congress and maintains the entire sentence to imprisonment is illegal absent Congressional authority.

Where the charged act could not be authenticated as a bill that passed Congress, it is impeached and incomplete, the judgement is void, and the charge should be reversed on ALL 12 counts. "The appeallate court is more likely than not to reverse the conviction or order a new trial on all accounts for which imprisonment was imposed." United States v. Bilanzich 771 F.2d 292, 298 (7th Cir. 1985)

<u>UNITED STATES OF AMERICA lacked Standing to Bring Suit</u>

The question of whether the UNITED STATES OF AMERICA has standing to sue is substantial. Phillips relies on Warth v. Seldin 422 U.S. 490, 45 Led 343 (1975)

where it was held under Article III of the Federal Constitution judicial power exist only to redress or otherwise to protect against injury to the complaining party, ...and that a federal courts jurisdiction therefore can only be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putative illegal action.

"A plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interest of third parties." Tileston v. Ullman 318 U.S. 44, 87 Led 603 (1943);United States v. Raines 362 U.S. 17, 4 Led 2d 524 (1960); Barrows v. Jackson 346 U.S. 249, 255, 97 Led 1586 (1953); Massey v. Helman 196 F.3d 727 (7th Cir. 1999); Warth, supra 422 U.S at 499.

Constitutional Challenge

Phillips contends that she engaged in activity protected by the First Amendment and that she has suffered a deprivation (imprisonment) that would likely deter First Amendment activity in the future.She relies on United States v. Williams 553 U.S. 285, 292, 170 Led 2d 650 (2008) and Woodruff v Mason 542 F.3d 545, 551 (7th Cir. 2008) citing California Motor Transport Co. v. Trucking Unlimited 404 U.S. 508, 510,30 Led 2d 642 (9172)(The First Amendment right to petition the government "extends to the courts in general and applies to litigation in particular".)

Phillips also contends, "The First Amendment guarantees of freedom of speech and of the press prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with "actual malice", with knowledge that it is false, or with reckless disregard for whether its false or not. This rule has been extended to criminal prosecutions and has been clarified in civil cases. See N.Y. Times Co. v. Sullivan 376 U.S. 254, 11 Led 2d 686; Gertz v. Robert Welch Inc. 418 U.S. 323, 41 Led 2d 789.

Where Phillips filed a complaint in Federal court in protest of the proceedings in both cases #06-cr-778 and #12-cr-872, relied on information from the National

5

Archivist who was appointed by the President with the advice and consent of the Senate who stated the charged act was "not positive law from Congress," and has provided a rationale for a contrary interpretation that is supported by applicable legal authority, the court cannot say the question for appeal is insubstantial or not susceptible to a different answer.

Knowing or Having Reason to Know

Phillips was found guilty under the statute on intent of knowing or having reason to know as the element of the offense. The prosecutor offered no direct evidence regarding Phillips subjective state of knowledge.

"Knowledge" and "knowingly" are normally associated with awareness, understanding or consciousness..." Arthur Andersen v. United States 544 U.S. 696, 161 Led 2d 1008 (2005) Blacks Law p888 (8th ed 2004); Websters Third New International 1252-1253 (1993)

In order to find guilt the prosecutor had to offer evidence sufficient to allow the jury to infer that Phillips had actual knowledge or something close to it that her notice of claim was false. Phillips maintains the jury instructions failed to convey the requisite consciousness of wrong doing.

The alleged error here involves the charge to the jury on the essential elements of the offense. "The question of whether evidence proves actual knowledge or conscious avoidance is a fine line -- precisely the type of fine line that makes the decision to give the conscious avoidance charge a 'close' question."(citation omitted)"To qualify as deliberate avoidance a defendant must have "deliberately avoided acquiring knowledge of the crime being committed by cutting off his curiosity through and effort of the will." United States v. Leahy 464 F.3d 773, 776 (7th Cir. 2006)

In deciding whether to grant a request for a new trial based on a jury instruction ruling, a court should consider "whether the jury was misled in any way", "whether the jury had an understanding of the issues," and whether the instruction "accurately reflected well-established law"...Consumer Products

6

Research & Design Inc. Jensen 572 F.3d 436, 438 (7th Cir. 2009)

The appellate court will reverse a district courts decision to give a jury instruction "only if it appears both that the jury was misled and that the instructions prejudiced the defendant." United States v. Dickerson 705 F.3d 683, 688 (7th Cir. 2013)(quoting United States v. Curry 538 F.3d 718, 731 (7th Cir. 2008)

WHEREFORE, based on the foregoing, the resolution of Phillips motion is dictated by the clear command of the statute, 18 USC §3143(b)(1)(B), "if the judicial officer makes such findings, such judicial officer shall order the release of the person...". Phillips moves for release pending appeal on a personal recognizance bond in the same amount in the presentence release order, with or without conditions.

Verification

I Cherron Marie Phillips declare under penalty of perjury under the laws of the United States of America that I have first hand knowledge hereto and to the best of my knowledge and belief all matters are true and correct, Executed on July 16, 2018

[Notary Seal: SARAH ANNE WHITESITT, Notary Public-Minnesota, My Commission Expires Jan 31, 2020]

By: /s/ Cherron Marie Phillips
Cherron Marie Phillips
All Rights Reserved

Acknowledgement

On this date in Waseca Minnesota, Cherron Marie Phillips who is known and identified to me, appeared and executed the foregoing of her own free will duly affirmed under penalty of perjury. Done this July 16, 2018

/s/ Whitesitt
FCI WASECA STAFF

Certificate of Service

This is to certify that I have served a true and correct copy of the foregoing "Amended Petition for RELEASE PENDING APPEAL" to the following addresses by placing the same in sealed envelope bearing sufficient postage for delivery via U.S.P.S. by legal mail, provided at FCI Waseca on July 16, 2018. Litigation is deemed FILED at the time it was delivered to prison authorities. Houston v. Lack 487 U.S. 266 (1988)

United States District Court
Attn; Clerk of Court
219 S. Dearborn 20th Fl.
Chicago IL. 60604
7018 0040 0000 3035 8962

Angel M. Krull
AUSA
219 S. Dearborn 5th Fl.
Chicago IL 60604

By:/s/ Cherron Marie Phillips

7



Federal Correctional Institution
P.O. Box 1731 56093-0741
Waseca, MN